IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00842-REB-MEH

SCOTT FRASER, an individual,

    Plaintiff,

v.

HIGH MOUNTAIN CONCEPTS, LLC, a Colorado limited liability company,

    Defendant.

## ORDER ON PLAINTIFF'S MOTION FOR COSTS

Before the Court is Plaintiff/CounterDefendant's Motion for Costs [docket #29]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, the matter has been referred to this Court for resolution. For the reasons set forth below, the Court will **grant in part and deny in part** Plaintiff's motion.

**I**.    **Background**

On September 14, 2009, Defendant filed a Motion for Protective Order claiming that the depositions of its principals, set to take place on September 16, 2009, and September 17, 2009, in Denver, Colorado, were unduly burdensome in that a trip to Denver from Gunnison would require several days away from the principals' business and personal obligations. After briefing, the Court granted the motion in part, saying that the depositions need not take place on September 16 and 17, but denied the remainder of the motion and reset the depositions for the first week in November 2009 to be held in Denver just prior to the newly scheduled Settlement Conference. At the same time, the Court allowed Plaintiff to file a motion for costs due to defense counsel's late filing of the Motion for Protective Order.

Plaintiff filed the within Motion for Costs seeking $2,400.00 in attorney's fees and $378.00 in actual costs for a total of $2,778.00. Plaintiff's counsel attached an affidavit stating that he is duly licensed to practice in this Court and explaining the computation of the costs (flight cancellation and change of airline reservations). Defendant timely filed a response claiming that Plaintiff should not be awarded attorney's fees because the Court did not permit an award of them in its order and because Plaintiff's counsel failed to comply with court rules regarding proof of reasonableness of the requested attorney's fees. In addition, Defendant argues that Plaintiff's counsel is not licensed to practice in Colorado and, thus, may not practice in this Court. As stated at the hearing on the motion for protective order, the Court summarily rejects Defendant's latter argument.[1]

However, the Court agrees that Plaintiff has not set forth a persuasive argument for an award of attorney's fees in this matter. Pursuant to Fed. R. Civ. P. 26(c) governing protective orders, an award of expenses is governed by Fed. R. Civ. P. 37(a)(5). Rule 37(a)(5)(C) provides that when a motion for protective order is granted in part and denied in part, the court <u>may</u> apportion the reasonable expenses for the motion. *See* Fed. R. Civ. P. 37(a)(5) (2009). Here, the Plaintiff has provided no argument in support of his contention that his requested attorney's fees are appropriate or reasonable. Therefore, the Court finds that a reasonable sanction in this matter is an award of actual costs totaling $378.00 for Plaintiff's flight cancellations and change of airline reservations.

Accordingly, for the reasons stated above, Plaintiff/CounterDefendant's Motion for Costs [<u>filed September 28, 2009; docket #29</u>] is **granted in part and denied in part**. The Court ORDERS that Defendant's counsel be sanctioned in the amount of $378.00, to be paid to counsel

---

[1] Defendant fails to demonstrate how Plaintiff's counsel is "not licensed as an attorney in any state or territory" as set forth in *People v. Shell*, 148 P.3d 162, 175 (Colo. 2006) (en banc) and required by D.C. Colo. LCivR 83.3A.

for Plaintiff as a reasonable sanction for actual costs. This amount shall be paid no later than October 26, 2009. Counsel for Plaintiff shall file a Notice of Compliance with Order re: Sanctions **on or before October 30, 2009**.

Dated at Denver, Colorado this 5th day of October, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge